## PATTERSON, ADM'R *v.* WHITTIER.

If the holder of a note assign the debt to another, and to that end give up the note to the maker, and cause him to execute and deliver another to the assignee, the maker will be no longer liable to the holder of the first note, nor to those claiming under him in behalf of his creditors, although the assignment and subsequent transactions were for the purpose of defrauding and delaying creditors, if the maker of the notes were ignorant of such a design.

ASSUMPSIT, brought to recover the sum of three hundred dollars, money had and received to the use of James Clark, the plaintiff's intestate. The writ bears date August thirtieth, 1847, and the action was entered at the October term of the court, and continued. On the first day of March following, the plaintiff filed, as a specification of the declar-

ation in his writ, the following statement of facts, which are admitted to be true, namely :

" That the said Whittier was indebted to James Clark, the plaintiff's intestate, in the sum of two hundred dollars, for which sum Clark held a promissory note, signed by Whittier, bearing date December fifteenth, 1842; that afterwards Clark made an agreement with one William W. Clark, to transfer and make over to him the said debt; and in pursuance of that agreement, afterwards caused the note to be given up to Whittier, and another note, bearing date December fifteenth, 1843, for the same sum, to be made payable to William W. Clark, and signed by Whittier; which transfer and change of notes was made for the purpose of delaying and defrauding the creditors of James Clark."

It is also agreed that the estate of James Clark is insolvent, and that this suit is brought for the benefit of his creditors, who were such at the time of the exchange of notes above mentioned ; and it is admitted, for the purposes of this action, that the defendant was not a party to the fraud in the exchange of notes. The exchange was made in April, 1844, and the note given by Whittier to William W. Clark was payable to the latter, or order, on demand ; but it is admitted that he had the note in his possession as late as the second day of September, A. D. 1846.

The defendant, on the twenty-first of March last, notified William W. Clark of the pendency of this action, and furnished him with a copy of the plaintiff's specification, and also gave him notice that he might come in and defend the same, if he saw cause ; but he has not made any appearance.

It is agreed by the parties, that if, upon the foregoing statement of facts, the court shall be of the opinion that the plaintiff cannot maintain his action, judgment shall be rendered for the defendant, for his costs. And if the court shall be of the opinion that the action can be maintained, judgment shall be rendered for the plaintiff, for the sum of

two hundred dollars, and interest thereon from December fifteenth, A. D. 1845, and for his costs.

*Farley* and *E. P. Parker*, for the plaintiff.

*A. W. Sawyer*, for the defendants.

WOODS, J.   The note which James Clark, the intestate, originally held against the defendant, was given up, and another note in the place of it was, at the request of the parties, given by him to William W. Clark, who now holds it.   This, it is said, constitutes no defence to the present action, brought by James Clark's administrator, to recover the debt for which the two notes were successively given, because the assignment of the debt by the intestate, to William W. Clark, was collusive, and made for the fraudulent purpose of defeating the creditors of the former, by concealing from them the property which should have gone towards paying them.   It is said that this state of facts would constitute, on the part of the defendant, a defence to any action which William W. Clark might bring to recover the amount of the note which he holds, so that he would stand in no danger of having twice to pay the same debt.

By the statute of 13 Elizabeth, ch. 5, the assignment of the debt by the intestate to William W. Clark, for the purpose surmised, would, without doubt, be held void, as against the creditors, and it need not be controverted that in an action brought by William W. Clark against this defendant, for the purpose of perfecting such unlawful object, the facts admitted between the present parties might, if they could be proved, be set up as a defence.

But the defendant is wholly guiltless of the unlawful designs of the two Clarks.   He was entirely ignorant of the motives or of the considerations which rendered it convenient for them to make the exchange of the notes, nor was it, in any point of view, his duty or his business to know or to

Patterson *v.* Whittier.

inquire. For a consideration unquestionably valid in law, he has given his note to William W. Clark, and as there was nothing that should have induced him to suspect that the transaction was designed, or that it tended, to injure and defraud others, it would seem to be unreasonable to put him to the expense and hazard of setting up a defence founded on facts, perhaps difficult of proof, and liable to become more so, by the death of witnesses and other casualties, which may intervene before an action may be commenced for the recovery of that note. It does not appear but there may be matters of mutual account between the defendant and William W. Clark, or partial payments, not indorsed upon the note, or the like, which would make it extremely inequitable that the defendant should be charged in the present suit, upon the plea that the facts *admitted* would furnish a defence in the other.

In short, there is nothing to distinguish this case from any other, in which, for the convenience of the parties, a debt is transferred from one to another, and the note held by the first creditor is delivered up, upon the debtor executing a note to the new party who assumes the relation of creditor, in the place of the first. The creditors of James Clark, who have been, incidentally and without the fault or negligence of the defendant, deprived of their just remedies, must seek their restoration in some form which does not menace with injustice an innocent party.

*Judgment for the defendant for costs.*